

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 28 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

Archie and Angela Hudson, on behalf of themselves and all of those similarly situated

Plaintiffs,

v.

Windows USA, LLC, d/b/a Windows USA and Alaskan Window Systems; Big Four Companies, Inc.; and Wells Fargo, N.A.

Defendants.

Civil Action No. 3:16-cv-596 DPJ-FKB

## COMPLAINT

COME NOW the Plaintiffs and prospective Class Representatives, under Federal Rule of Civil Procedure 23, Archie and Angela Hudson, on behalf of herself and all of those similarly situation, who files suit against the above-named Defendants, and plead as follows:

*JURY TRIAL DEMANDED*

## PARTIES

1.      The Plaintiffs, Archie and Angela Hudson ("the Hudsons"), are adult citizens of Wayne County, Mississippi, who are husband and wife. The Hudsons reside at 28 Twin Oaks Drive, Waynesboro, Mississippi 39367.

2.      The first-named Defendant, Windows USA, LLC ("Windows USA"), d/b/a Windows USA and Alaskan Window Systems, is an Arkansas limited liability company, registered as a foreign company licensed to do business in the state of Mississippi, with its principal place of business located at: 235 Sunshine Road, Royal, Arkansas 71968. Windows

USA may be served with process through its registered agent with the Mississippi Secretary of State's Office: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3.     The second-named Defendant, Big Four Companies, Inc. ("Big Four") is an Arkansas limited liability company, registered as a foreign company licensed to do business in the state of Mississippi, with its principal place of business located at: 235 Sunshine Road, Royal, Arkansas 71968. Windows USA may be served with process through its registered agent with the Mississippi Secretary of State's Office: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4.     Big Four is, upon information and belief, the Managing Member of Windows USA, LLC, and it responsible for the decision-making of the business operating as Windows USA/Alaskan Window Systems, with propinquity of ownership between these two business entities. Big Four is jointly and severally liable for any damages suffered by the wrongful actions of Windows USA, LLC, as pleaded in this Complaint.

5.     The third-named Defendant, Wells Fargo, N.A., is a national banking corporation with its principal office address located in Sioux Falls, South Dakota. Wells Fargo may be served with process through its registered agent with the Mississippi Secretary of State's Office: Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

## JURISDICTION AND VENUE

6.     This Court possesses subject matter jurisdiction over the claims made in this Complaint based upon federal question jurisdiction under The Truth in Lending Act

("TILA"), 15 U.S.C. § 1601, *et. seq.*, as amended. Further, federal diversity jurisdiction exists in this matter, as the Plaintiffs are both citizens of the state of Mississippi, and all three Defendants are citizens are Arkansas and South Dakota/California, respectively. Complete diversity exists between the parties of this action, and the claims of the Plaintiffs, not counting the potential claims of the proposed Rule 23 Class, exceed $75,000.00.

7.      This Court possesses personal jurisdiction over each of the Defendants in this action based upon their substantial and purposeful contacts with Mississippi, the forum state.

8.      Venue for this dispute properly lies with this Court, as this litigation involves substantial alleged acts or omissions which occurred in Waynesboro, Wayne County, Mississippi (among other locations, presumably), located within judicial district of the United States District Court for the Southern District of Mississippi.

## REQUEST FOR CLASS CERTIFICATION UNDER FEDFERAL RULE OF CIVIL PROCEDURE 23

9.      The Hudsons, on behalf of those similarly-situated, seek certification as the class representative for a class action lawsuit, under Rule 23 of the Federal Rules of Civil Procedure.

10.     The class sought to be certified under Rule 23 of the Federal Rules of Civil Procedure, with the Hudsons as the class representatives, is all of those who have been victimized by the deceptive, fraudulent, unconscionable, high-pressure, in-home sales, advertising, financing, and business practices of the Defendants, as it relates to operation of the business marketed as Windows USA/Alaskan Windows Systems (and for which Wells Fargo provides exclusive, and deceptive, financing). Presumably, any individual who has

bought from, or otherwise has been financially-injured by, the business practices described in this Complaint is a potential member of the Rule 23 class sought to be certified in this civil action.

11.    The Hudsons, as victims of the deceptive, fraudulent, unconscionable, high-pressure, in-home sales, advertising, financing, and business practices of the Defendants, as it relates to operation of the business marketed as Windows USA/Alaskan Windows Systems (and for which Wells Fargo provides exclusive, and deceptive, financing) have been financially-injured by the business practices described in this Complaint.

12.    The Hudsons, as the prospective class representatives, and the prospective members of this class, under Federal Rule of Civil Procedure 23, have shared similar injuries, and have suffered from similar forms of financial injury as a sole and proximate result of the deceptive, fraudulent, unconscionable, high-pressure, in-home sales, advertising, financing, and business practices of the Defendants, as it relates to operation of the business marketed as Windows USA/Alaskan Windows Systems (and for which Wells Fargo provides exclusive, and deceptive, financing).

13.    Specifically, as relates to the appropriated of this proposed class certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Defendants have acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to the Hudsons, and the class as a whole. The proposed class members are entitled to injunctive relief to end the Defendants' common, uniform, and deceptive trade, sales, advertising, and financing practices.

14.     Further, the proposed class is so numerous that joinder would be impracticable. Although the precise number of members of the proposed class is currently unknown, this number is far greater than can be feasibly addressed through joinder.

15.     The class members of the proposed class also share common questions of fact and law. Among these common questions of fact are law are: (1) whether the Defendants' policies or practices, as relate to the operation of Windows USA/Alaskan Window Systems (and Wells Fargo, as to the financing) are deceptive, unlawful, unconscionable, and fradulent; (2) whether the Defendants' policies and practices violate the TILA, 15 U.S.C. § 1601 *et.seq.*, as amended (and the corresponding, duly-promulgated federal regulations to enforce this statute); and (3) whether monetary damages, injunctive relief, and/or other equitable remedies for the class are warranted.

16.     The Hudsons, the proposed class representative, has suffered injuries, and has claims, that are typical of all customers (victims) of the deceptive trade practices described in this Complaint.

17.     The Hudsons, as the proposed class representatives (the Class Plaintiffs), will fairly and adequately represent and protect the interests of the members of the class.

## FACTS

18.     Windows USA's/Alaskan Windows Systems' sales, advertising, and financing (via Wells Fargo) model is based upon deceptive, fraudulent, unconscionable, high-pressure, in-home sales, advertising, financing, and business practices. To put in bluntly: the products, the sales practices, the referral-program, and especially, the financing-scheme devised and perpetuated by the Defendants is a fraud and a scam.

19.     First, Windows USA/Alaskan Windows Systems knowingly, or in a (grossly) negligent manner, and as a matter of standard and customary practice, misrepresent the alleged savings that its customers will realize on their monthly utility bills. Although the in-home (and incredibly and unconscionably high-pressure) sales force of Windows USA promises its prospective customers an immediate savings of 60-70% on their monthly home electric bills, no such savings occur.

20.     Second, Windows USA/Alaskan Windows Systems knowingly, or in a (grossly) negligent manner, and as a matter of standard and customary practice, misrepresent the alleged increase in the appraisal value of the homes of its customers that will be realized following the installation of Windows USA's products. Although the in-home (and incredibly and unconscionably high-pressure) sales force of Windows USA promises its prospective customers an immediate increase in the appraisal value of their homes (generally, 120% of the cost of the Windows USA product – but always more than the cost of the price quoted by the sales representative of Windows USA). Despite these explicit promises (warranties), reasonably relied upon by the prospective customers of Windows USA, no such fair-market-value increases, as appraised, occur.

21.     Third, the price of the products and installation, of said products, offered by the high-pressure sales force of Windows USA/Alaskan Windows Systems, is a scheme of bait-and-switch. The actual price of the products offered by Windows USA is not consistent. The sales force of Windows USA, who often refuses to leave prospective customers' homes (despite these in-home appointments regularly running past 10 P.M.) until the Defendants" sales and financing agreements are signed, plays fraudulent games regarding the prices of its

products and services. The sales representatives for Windows USA regularly call their "supervisors" to obtain special, for-you-only, one-night-only, so-called "Savings Vouchers." The elaborate design around this deception and fraud is consistent with the overall business practices of the Defendants, as it relates to the sales, advertising, and financing of Windows USA products, and even the products, themselves.

22.     The financing of the Windows USA customer-purchases (derived from unlawful, deceptive, and unconscionably high-pressure sales tactics, with the sales appointments, themselves, always induced by an elaborate referral-scheme of $100 Wal-Mart gift cards) is deceptive, fraudulent, unlawful, and unconscionable. Specifically, this allegation refers to the exclusive-financing relationship that exists between Windows USA/Alaskan Windows Systems and Wells Fargo Bank, whereby customers are led to believe that they are applying for a traditional, closed-end loan only for the amount of the ever-shifting price quoted by the Windows USA sales representative. In fact, the Defendants actually trick or otherwise induce, without the required disclosures about the nature of the credit-application being executed, the customers to apply for what turns out to be a Visa Home Projects credit card, issued by Wells Fargo bank.

23.     As a standard practice, Windows USA's sales force completes all paperwork that is executed during these late-night, in-home appointments, and then simply gets the customers to sign the paperwork that was filled out by the Windows USA sales representative.

24.     This practice, pleaded in the paragraph above, is aimed by the Defendants at deceiving and /or concealing from the prospective customers of Windows USA/Wells

Fargo: (1) the nature and quality of the actual products they are purchasing; (2) the many terms and conditions that apply to Windows USA's so-called "100% Satisfaction Guarantee" program; and (3) the financing terms – and the fact that a Visa Home Projects Program credit card is being applied for – of the transaction. This practice of the Defendants, among constituting various other torts, breaches of express warranties and implied covenants, and statutory-violations, is an unlawful violation of the Truth in Lending Act.

25.     On December 9, 2015, the Hudsons, induced by the unconscionable and sleazy Wal-Mart Gift Card Referral Program of Windows USA, allowed a sales representative of that company to make an in-home demonstration of the Windows USA/Alaskan Windows Systems product(s).

26.     During this December 9, 2015, in-home demonstration, Windows USA sales representative, Aaron Williams: (1) promised (expressly-warranted) the Hudsons that they would 100%, without qualification, realize a savings of 60-70% on their monthly electric bills, from the date that the Windows USA products are first installed; (2) promised (expressly-warranted) the Hudsons that they would 100%, without qualification, realize an immediate increase in the appraised fair-market-value of their home of at least the cost of the windows, $9,840.00, from the date that the Windows USA products are first installed; (3) filled out all paperwork (much of which is was printed out from the Hudsons own printer) and, while misrepresenting and/or concealing the fact that a credit card was being applied for (the financing was always described as an unsecured, closed-end "loan from Wells Fargo"), instructed the Hudsons just so sign all of the forms without reading them (the sales representative would describe the terms of the documents), as it was already past 10.P.M.;

and (4) promised the Hudsons, without any qualification, that if they are "ever less than 100% satisfied" with the Windows USA windows, then they would get a full refund.

27.     All of the above promises made by Windows USA sales representative, Aaron Williams, were not true, or were deceptive and fraudulent.

28.     The Invoice and Right to Cancel form, filled out by Windows USA sales representative, Aaron Williams, which the Hudsons were deceived and tricked into signed, is attached, and incorporated into, this Complaint as Exhibit "1". It is important to note that the three-day right-to-cancel period in this Windows USA contract expired long before Windows USA actually installed its products at the Hudsons' home.

29.     The high-pressure, bait-and-switch, and deceptive practice of Windows USA/Alaskan Windows Systems of offering so-called "limited time", "one-night-only" discounts (that are likely not even discounts, as the original quoted-price is almost certainly inflated) is represented by the "Express Custom Window Order" program form, executed by the Hudsons is attached, and hereby incorporated into, this Complaint as Exhibit "2".

30.     The deceptive and fraudulent "Estimated Project Savings" form provided to the Hudsons by Windows USA Sales Representative, Aaron Williams, which Mr. Williams explicitly, but only orally, stated to the Hudson was not an estimate, but a guarantee, and which shows a 10-year "Estimated Project Savings (E.P.S.)" of $14,997 is attached, and hereby incorporated into, this Complaint as Exhibit "3".

31.     The highly fraudulent and deceptive "Windows USA Finance Term Review and Disclosure" form – the central form that Windows USA and Wells Fargo use to trick, misrepresent, and deceive their prospective customers as it related to the practices at issue in

this Complaint – that was used by the Defendants to deceive, mislead, and defraud the Hudsons is attached, and hereby incorporate into, this Complaint as Exhibit "4". It is essential to note several facts about the fraudulent and deception Windows USA Finance Term Review and Disclosure Form, Ex. 4: (1) the numbers of payments, and the amount of payments, at the interest rate listed in this form, are intentionally incorrect, for the purpose of inducing prospective customers to agree to the sale and financing terms; (2) the Finance Term Review and Disclosure form does **not** disclose that a Visa Home Projects Program credit card is the actual financing-vehicle for this transaction; (3) the Finance Term Review and Disclosure form fraudulently represents that "Financing Provided By Wells Fargo Financial National Bank", when it is, in fact, provided by a Visa Home Projects Program credit card; and (4) the Finance Term Review and Disclosure form fraudulently represents that "this UNSECURED line of credit has been approved as a FIXED interest rate of 10.99%", when it is, in fact, provided by a Visa Home Projects Program credit card that carries an interest rate of 27.99% APR.

32.     The Visa credit card application, completely filled out by Windows USA sales representative, Aaron Williams, which was represented to the Hudsons as a Wells Fargo closed-end loan form (consistent with the fraudulent terms on the Finance Term Review and Disclosure form provided to the Hudsons, which the Hudsons were incorrectly told contained **all** of the finance terms for their transaction with Windows USA), is attached, and incorporated into, this Complaint as Exhibit "5". The terms of this Agreement are entirely unenforceable, as the Hudsons' execution of Ex. 5 to this Complaint was induced by fraud, and constitutes a fraud-in-the-factum of what was being signed.

33.     A copy of the image of the credit card that ended up being issued to the Hudsons, unbeknownst to them, is attached, and incorporated into, this Complaint as Exhibit "6".

34.     A collection of the immense amount of Windows USA Referral-Program marketing materials, left with the Hudsons, is attached, and hereby incorporated into, this Complaint as Collective Exhibit "7". These materials illustrate the high-pressure, unconscionable, deceptive, and just plain sleazy nature of the sales practices of Windows USA/Alaskan Windows Systems, at issue in this lawsuit.

35.     A collection of the immense amount of Windows USA marketing materials, left with the Hudsons, that promise customers "100% Satisfaction," "a 100% Guarantee", and which make other false claims regarding the quality of the products and services of Windows USA is attached, and hereby incorporated into, this Complaint as Collective Exhibit "8". These materials illustrate some of the many deceptive and false claims that Windows USA/Alaskan Windows Systems makes to its prospective customers, and which are at issue in this lawsuit.

36.     A collection of Windows USA marketing materials, left with the Hudsons, that showcase the high-pressure sales tactics, and false claims of "limited time savings", is attached, and hereby incorporated into, this Complaint as Collective Exhibit "9". These materials illustrate some of the many deceptive, false, or otherwise unconscionable claims that Windows USA/Alaskan Windows Systems makes to its prospective customers, and which are at issue in this lawsuit.

37.     The Hudsons are not 100% satisfied with the quality, or installation, of their Windows USA/Alaskan Windows Systems products.

38.     The Hudsons have not realized any noticeable savings on their monthly electric bills, as promised by Windows USA.

39.     The Hudsons have not realized any increase in the fair-market-value of their home as a result of the installation of the Windows USA/Alaskan Windows Systems windows, as promised by Windows USA.

40.     The Hudsons have been deceived, tricked, and defrauded into signing up for a Visa Home Projects Program credit card, as a result of the wrongful and deceptive acts of the Defendants.

41.     Windows USA misrepresents and deceives its prospective customers regarding the so-called state-of-the art, high-tech nature of its windows, which, in reality, are nothing more than over-priced double-pane windows. This deception occurs for the purpose of a wrongful pecuniary gain by the Defendants.

42.     The Hudsons have suffered severe financial damages, including damages stemming from the ruination of their credit history, as a result of the wrongful and deceptive acts committed by the Defendants, and pleaded in this Complaint.

(THIS SPACE INTENTIONALLY LEFT BLANK)

## COUNT ONE – VIOLATIONS OF TRUTH IN LENDING ACT, AS AMENDED, 15 U.S.C. § 1601 *ET. SEQ.*

43.     The Hudsons incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

44.     The Defendants have committed systemic, continual, repeated, knowing, intentional, and malicious violations of the Truth in Lending Act, as amended, 15 U.S.C. § 1601, *et. seq.* In particular, the Defendants have engaged in a pattern of deceptive, fraudulent, unconscionable, high-pressure, in-home sales, advertising, financing, and business practices, as it relates to operation of the business marketed as Windows USA/Alaskan Windows Systems (and for which Wells Fargo provides exclusive, and deceptive, financing).

45.     The above wrongful acts have solely and proximately caused the Hudsons severe financial damages.

46.     BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Hudsons, on behalf of themselves and all of those similarly situated, demand that they, as the Class Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and all other relief that is appropriate under the Truth in Lending Act, or that the Court finds to be just and equitable under the facts to be proven at trial.

## COUNT TWO – FRAUD

47.     The Hudsons incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

48.     The Defendants have committed systemic, continual, repeated, knowing, intentional, and malicious misrepresentations of materials facts for the purpose of financial gain. In particular, the Defendants have engaged in a pattern of deceptive, fraudulent, unconscionable, high-pressure, in-home sales, advertising, financing, and business practices, as it relates to operation of the business marketed as Windows USA/Alaskan Windows Systems (and for which Wells Fargo provides exclusive, and deceptive, financing).

49.     The above wrongful acts have solely and proximately caused the Hudsons severe financial damages.

50.     BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Hudsons, on behalf of themselves and all of those similarly situated, demand that they, as the Class Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and all other relief that the Court finds to be just and equitable under the facts to be proven at trial.

## COUNT THREE – BREACHES OF CONTRACT (EXPRESS WARRANTIES)

51.     The Hudsons incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

52.    The Defendants have violated the terms of the express promises made to the Hudsons, and upon which the Hudsons reasonably relied, regarding the following: (1) the quality and performance of the Windows USA products; (2) the financing terms and structure of the transaction at issue in this Complaint; (3) the increase in the fair-market-value of the Hudsons home, which never occurred; (4) the immediate 60-70% savings that the Hudsons would enjoy on their monthly electric bills; and (5) the no-strings-attached, 100% satisfaction guarantee of Windows USA, which is a sham.

53.    The above violations of express contractual terms have solely and proximately caused the Hudsons severe financial damages.

54.    BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Hudsons, on behalf of themselves and all of those similarly situated, demand that they, as the Class Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and all other relief that the Court finds to be just and equitable under the facts to be proven at trial.

## COUNT FOUR – BREACHES OF IMPLIED WARRANTIES AND COVENANTS

55.    The Hudsons incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

56.    The Defendants have violated the terms of many implied warranties and covenants, especially, but not limited to, the implied covenants of good faith and fair dealing,

that they owed to the Hudsons, and upon which the Hudsons reasonably relied, regarding

the following: (1) the quality and performance of the Windows USA products; (2) the

financing terms and structure of the transaction at issue in this Complaint; (3) the increase in

the fair-market-value of the Hudsons home, which never occurred; (4) the immediate 60-

70% savings that the Hudsons would enjoy on their monthly electric bills; and (5) the no-

strings-attached, 100% satisfaction guarantee of Windows USA, which is a sham.

57.     The above violations of the implied covenants of good faith and fair dealing

have solely and proximately caused the Hudsons severe financial damages.

58.     BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Hudsons,

on behalf of themselves and all of those similarly situated, demand that they, as the Class

Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at

trial. However, these pleaded-damages include, but are not limited to: actual damages,

compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all

attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and

all other relief that the Court finds to be just and equitable under the facts to be proven at

trial.

## COUNT FIVE – (GROSS) NEGLIGENCE

59.     The Hudsons incorporate by reference all allegations of all previous

paragraphs and further alleges as follows:

60.     The Defendants have, in a gross, wanton, reckless, and unconscionable

manner, violated the standard of care that they owed to the Hudsons, and upon which the

Hudsons reasonably relied, regarding the honest and truthful disclosures related to the

following: (1) the quality and performance of the Windows USA products; (2) the financing terms and structure of the transaction at issue in this Complaint; (3) the increase in the fair-market-value of the Hudsons home, which never occurred; (4) the immediate 60-70% savings that the Hudsons would enjoy on their monthly electric bills; and (5) the no-strings-attached, 100% satisfaction guarantee of Windows USA, which is a sham.

61.     The above (gross and wanton) violations of the standard of care owed by the Defendants to the Hudsons have solely and proximately caused the Hudsons severe financial damages.

62.     BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Hudsons, on behalf of themselves and all of those similarly situated, demand that they, as the Class Representatives, be awarded damages in an amount that shall be proved to finder-of-fact at trial. However, these pleaded-damages include, but are not limited to: actual damages, compensatory damages, punitive damages (in an amount **not less than $5,000,000.00**), all attorneys' fees, all costs of litigation, expenses, all legal pre and post-judgment interest, and all other relief that the Court finds to be just and equitable under the facts to be proven at trial.

## COUNT SIX – VIOLATIONS OF THE MISSISSIPPI CONSUMER PROTECTION ACT, MISS. CODE § 75-24-1 *ET. SEQ.*

63.     The Hudsons incorporate by reference all allegations of all previous paragraphs and further alleges as follows:

64.     The Defendants have committed systemic, continual, repeated, knowing, intentional, and malicious misrepresentations of materials facts for the purpose of financial gain. In particular, the Defendants have engaged in a pattern of deceptive, fraudulent,

unconscionable, high-pressure, in-home sales, advertising, financing, and business practices,

as it relates to operation of the business marketed as Windows USA/Alaskan Windows

Systems (and for which Wells Fargo provides exclusive, and deceptive, financing).

65.    The above wrongful acts have solely and proximately caused the Hudsons

severe financial damages. These wrongful acts also constitute violations of the Mississippi

Consumer Protection Act, Miss. Code 75-24-1 *et. seq.*

66.    BASED UPON THE ABOVE-PLEADED ALLEGATIONS, the Hudsons

demand that they be awarded damages in an amount that shall be proved to finder-of-fact at

trial. However, these pleaded-damages include, but are not limited to: actual damages,

compensatory damages, punitive damages, all attorneys' fees, all costs of litigation, expenses,

all legal pre and post-judgment interest, and all other relief that the Court finds to be just and

equitable under the facts to be proven at trial.

THIS, the 25th day of July, 2016.

ARCHIE and ANGELA
HUDSON, on behalf of themselves
and all of those similarly situated

By: _____
Macy D. Hanson
Attorney for the Plaintiffs

MACY D. HANSON – MS BAR # 104197
macy@macyhanson.com
THE LAW OFFICE OF MACY D. HANSON, PLLC
THE ECHELON CENTER4
102 FIRST CHOICE DRIVE
MADISON, MISSISSIPPI 39110
TELEPHONE: (601) 853-9521
FACSIMILE: (601) 853-9327