UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ARCHIE & ANGELA HUDSON,                                              PLAINTIFFS
on behalf of themselves and all of those
similarly situated

v.                                                    CIVIL ACTION NO. 3:16cv596-DPJ-FKB

WINDOWS USA, LLC, d/b/a WINDOWS USA                                  DEFENDANTS
& ALASKAN WINDOW SYSTEMS;
BIG FOUR COMPANIES, INC.; & WELLS
FARGO, N.A.

ORDER

This case is before the Court on Plaintiffs' Motion for a Limited Lifting of the Stay of

Discovery [15] and their Motion for Extension of the Deadlines to File Responses in Opposition

to the Defendants' Motions to Compel Arbitration [19].  Because Plaintiffs have not made a

compelling showing that discovery is necessary, the motion to lift the stay is denied.  The motion

for extension is granted to the extent that Plaintiffs will be given 14 days from the entry of this

Order to respond to the arbitration motion.

I.      Facts and Procedural History

This case arises from Plaintiffs' purchase, following an in-home demonstration, of new

windows for their home from Defendant Windows USA, LLC.  The purchase was financed via a

Visa Home Projects Program credit card issued by Defendant Wells Fargo Financial National

Bank.[1]  Plaintiffs claim that the sales practices employed by Defendants to secure the purchase of

windows and the financing through Wells Fargo are deceptive, fraudulent, and unconscionable.

_____

[1] The Complaint named Wells Fargo, N.A., as a defendant, but Wells Fargo asserts that
"[t]here is no such entity."  Def.'s Mot. [12] at 1 n.1.

Plaintiffs filed this lawsuit on July 28, 2016.  They assert claims for violations of the Truth in Lending Act and the Mississippi Consumer Protection Act, fraud, breach of contract, breach of implied warranties and covenants, and gross negligence, and seek actual and punitive damages for themselves and on behalf of a class of similarly situated individuals under Federal Rule of Civil Procedure 23.

On September 16, 2016, Defendant Wells Fargo filed its Motion to Compel Arbitration [12].  Wells Fargo asserts that, pursuant to the terms of the Home Projects Visa Credit Card Account Application Plaintiffs signed, Plaintiffs must arbitrate their claims against Wells Fargo. Defendants Windows and Big Four Companies, Inc. have joined in Wells Fargo's motion. Joinder [17]; Mem. [18].  In lieu of responding substantively to the arbitration motion, Plaintiffs filed their Motion for a Limited Lifting of the Stay of Discovery [15] and Motion for Extension of the Deadlines to File Responses in Opposition to the Defendants' Motions to Compel Arbitration [19].  The matters raised in Plaintiffs' motions have been fully briefed, and the Court is prepared to rule.

II.     Analysis

Plaintiffs contend that they need "limited" discovery "in order to raise their legitimate defenses to whether a contract was ever formed under Mississippi state law related to the (fraudulent) Wells Fargo Credit Card Agreement."  Pls.' Mem. [16] ¶ 2.  Plaintiffs' theory is that they never "assented to the terms of the Wells Fargo Credit Card Application, in general" and that they never "saw, read, or were informed (until after the paperwork was signed) of the draconian and disgraceful Arbitration Clause . . . that, perplexingly, is printed on the back of those forms of adhesion."  *Id.* ¶ 7.

Based on these averments, Plaintiffs claim that they need to obtain the following items of discovery (described as "[a]n illustrative, but not exhaustive, list") in order to properly respond to the arbitration motion:

> (1) the deposition of Windows USA/Wells Fargo sales-agent, Aaron Williams; (2) requests for production to all Defendants related to sales training activities and materials, sale-force manuals, correspondence, or any other documents that relate to how the Wells Fargo Credit Card Application forms are marketed, sold, and filled out by the Windows USA/Wells Fargo in-home sale-force; (3) the decision to print the Arbitration Clause of the Wells Fargo Credit Card Application on the back of that form of adhesion; (4) interrogatories to the Defendants asking for all available details about how the Wells Fargo Credit Card Application forms are marketed, sold, and filled out by the Windows USA/Wells Fargo in-home sale-force during these late-night in-home sales calls; and (5) any communications between Wells Fargo and Windows USA regarding the creation of the Wells Fargo Credit Card Application and how Wells Fargo Credit Card Application forms are marketed, sold, and filled out by the Windows USA/Wells Fargo in-home sale-force during these late-night in-home sales calls.

*Id.* ¶ 13.

Plaintiffs are correct that the Court's initial step in assessing the applicability of an arbitration agreement is to determine "whether the parties entered into any arbitration agreement at all." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (emphasis omitted); *see also id.* at 202 (explaining that "analysis of contract formation" "turns on state contract law"). But this analysis should be made in the context of "'an expeditious and summary hearing, with only restricted inquiry into factual issues' bearing on the making of the arbitration agreement." *Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1265 n.4 (5th Cir. 1994) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 22 (1983)). "Thus, courts have generally denied arbitration-related discovery absent a compelling showing that such discovery is required." *Bell v. Koch Foods of Miss., LLC*, No. 3:08cv697-WHB-LRA, 2009 WL 1259054, at *3 (S.D. Miss. May 5, 2009), *aff'd*, 358 F. App'x 498 (5th Cir. 2009); *accord Am.*

*Gen. Life Ins. Co. v. Harper*, No. 3:15cv605-DPJ-FKB, 2016 WL 430609, at *2 (S.D. Miss. Feb. 3, 2016).

Here, Plaintiffs support their prayer for discovery by asserting that the salesperson from whom they purchased windows "intentionally misrepresented the instruments themselves—including, and especially, the Wells Fargo Visa Credit Card Application—that the Hudsons were tricked, misle[]d, and otherwise defrauded into signing." Pls.' Mem. [16] ¶ 8. Plaintiffs emphasize that they are pursuing a fraud-in-the-factum argument, which they believe is "determinative over the question *sub judice*." Pls.' Reply [25] at 2.[2]

"[F]raud in factum is a 'misrepresentation as to the nature of a writing that a person signs with neither knowledge nor reasonable opportunity to obtain knowledge of its character or essential terms.'" *GuideOne Mut. Ins. Co. v. Rock*, No. 1:06cv218-SA-JAD, 2009 WL 2195047, at *3 (N.D. Miss. July 22, 2009) (quoting *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 465 (5th Cir. 2003)). The facts pertinent to this defense—assuming it is available to Plaintiffs—are within their personal knowledge. And Plaintiffs have not demonstrated how asserting a fraud-in-the-factum defense is "determinative" of the present motion or how they hope to enhance that defense through the far-reaching discovery they now seek.

Under these circumstances, courts—including this one—have denied arbitration-related discovery. *See Harper*, 2016 WL 430609, at *2 ("Presumably, [the plaintiff] possesses personal knowledge regarding what he was told, or should at least be able to explain a theory." (citing

---

[2] Whether this defense matters with respect to the motion to compel is debatable but not yet relevant. Only fraud "relate[d] to the arbitration clause itself"—whether pleaded as "fraud in the factum [or] fraud in the inducement"—can impact the question of whether a party to a contract "can be compelled to arbitrate." *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992). If the alleged fraud—in the factum or in the inducement—instead "relates to the entire agreement, then the Federal Arbitration Act requires that the fraud claim be decided by an arbitrator." *Id.*

*Bell*, 358 F. App'x at 501)); *Bell*, 2009 WL 1259054, at *3 ("Plaintiffs already have personal knowledge regarding the manner in which the subject Agreements, and arbitration[] clauses contained therein, were presented to them."); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 828 (S.D. Miss. 2001), *aff'd sub nom. Bank One NA v. Coates*, 34 F. App'x 964 (5th Cir. 2002) ("The terms of the original agreement and amendment notification can be gleaned from the documents themselves; and there is no apparent need for discovery as to [the consumer's] own knowledge of the contents and/or existence of these documents or as to his alleged understanding of (or failure to understand) the terms of these documents, for these are matters only the [consumer] himself could know.").

Finally, Plaintiffs' conclusory allegation to the contrary—that the information sought "is necessary[,] and outside of the personal knowledge of the Hudsons[,] for the Hudsons to adequately and reasonably respond to the Defendants' Motions to Compel Arbitration in this matter"—does not establish the need for discovery.  Pls.' Reply [25] at 12.  *See Ameriprise Fin. Servs., Inc. v. Etheredge*, 277 F. App'x 447, 449 (5th Cir. 2008) (affirming denial of discovery where plaintiff asserted various defenses to motion to compel arbitration, including fraud-in-the-factum, but "never suggested what evidence relevant to these defenses he suspected to find through discovery").

In sum, Plaintiffs have not explained how any of the discovery they seek would aid the Court in assessing whether they agreed to arbitrate disputes with Defendants.  Therefore, their motion to lift the stay of discovery is denied.  But, to the extent that they will be given 14 days from the entry of this Order to respond to the motion to compel arbitration and the joinder therein, their motion for extension is granted in part.

III.    Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, Plaintiffs' Motion for a Limited Lifting of the Stay of Discovery [15] is denied, and their Motion for Extension of the Deadlines to File Responses in Opposition to the Defendants' Motions to Compel Arbitration [19] is granted in part.  Plaintiffs shall file their response(s) to the motion to compel arbitration and the joinder therein within 14 days of the entry of this Order.

**SO ORDERED AND ADJUDGED** this the 3rd day of November, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE